### AFFIDAVIT OF U.S. POSTAL INSPECTOR DANIEL LEE IN SUPPORT OF A COMPLAINT AND SUMMONS OF:

Derrick MCKENZIE
DOB: 02/10/1959

I, U.S. Postal Inspector ("Inspector") Daniel Lee, being duly sworn, depose and say:

## I. INTRODUCTION

1. I am a United States Postal Inspector with the United States Postal Inspection Service ("USPIS"). I have been a U.S. Postal Inspector for approximately five years, and, as such, am an investigative or law enforcement officer of the United States within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure. While employed as a law enforcement officer, I have conducted and participated in dozens of investigations related to identity theft and the theft of money and property by fraud.

2. I have been personally involved in the investigation of this matter. I base this affidavit on that personal experience, as well as on my conversations with other law enforcement agents and my examination of various reports and records. This affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a complaint that charges Derrick MCKENZIE ("MCKENZIE") with bank fraud in violation of 18 U.S.C. § 1344 and aggravated identity theft in violation of 18 U.S.C. § 1028A. This affidavit contains material information pertinent to the requested complaint and summons; it does not include every fact known to me or other law enforcement officers who have participated in the investigation.

## II. THE STATUTES

3. 18 U.S.C. § 1344 states:

   Whoever knowingly executes, or attempts to execute, a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or

1

>promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344.

    4.      18 U.S.C. § 1028A states, in pertinent part:

>Whoever, during and in relation to any felony violation [of an enumerated felony including 18 U.S.C. § 1344], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). "[T]he term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual" including any "name, . . . date of birth, official State or government issued driver's license or identification number . . . [or] access device." 18 U.S.C. § 1028(d)(7)(A), (D). An "access device" includes an "account number . . . or other means of account access that can be used, alone or in conjunction with another access device, to obtain money . . . or that can be used to initiate a transfer of funds." 18 U.S.C. § 1029(e)(1).

### III. PROBABLE CAUSE

    5.      In or about March of 2019, investigators from TD Bank notified me that an individual identified as MCKENZIE was in New Hampshire using account holders' personal identification information to make unauthorized over the counter cash withdrawals from those persons' TD Bank accounts. TD Bank investigators had been tracking withdrawal activity conducted by MCKENZIE in the New York metro area prior to his arrival in New Hampshire.

    6.      I have reviewed TD Bank records and identified approximately 20 unauthorized withdrawals or attempted withdrawals MCKENZIE made from other persons' TD Bank accounts in the New York metro area between November 9, 2018, and March 20, 2019. For each

withdrawal or attempted withdrawal, MCKENZIE used personal identification information of the victim account holder to pose as the account holder and make the withdrawal.

7.      As charted below, TD Bank records also show that on or about March 27, 2019, MCKENZIE made multiple withdrawals from C.T.'s account, account number XXXXX3217, at various TD Bank branch locations in New Hampshire.  Based on my review of the withdrawal slips, to make the withdrawals, MCKENZIE used C.T.'s TD bank account number and presented a New York driver's license that contained C.T.'s identification information.

| Time | Amount of Withdrawal | Branch Address |
| --- | --- | --- |
| 12:39 pm | $2,780 | , Portsmouth, NH 03801 |
| 12:42 pm | $2,100 | , Portsmouth, NH 03801 |
| 1:03 pm | $2,680 | North Hampton, NH 03862 |
| 1:06 pm | $1,960 | North Hampton, NH 03862 |

8.      Later that day as charted below, MCKENZIE made multiple unauthorized withdrawals from A.M's bank account, account number XXXXXX8351, at various TD Bank branch locations in New Hampshire and Massachusetts.  Based on my review of the withdrawal slips, to make the withdrawals, MCKENZIE used A.M.'s TD bank account number and presented a Florida driver's license that contained A.M.'s identification information, including A.M.'s actual driver's license number.

| Time | Amount of Withdrawal | Branch Address |
| --- | --- | --- |
| 3:01 pm | $2,480 | Hampstead, NH 03841 |
| 4:09 pm | $840 | Chelmsford, MA 01824 |

9.      TD Bank records show that between March 29, 2019, and April 26, 2019, MCKENZIE made approximately 13 unauthorized withdrawals or attempted withdrawals from other persons' bank accounts in Maine and Massachusetts.  For each withdrawal or attempted withdrawal, MCKENZIE used personal identification information of the victim account holder,

3

such as their bank account number, to pose as the account holder and make the withdrawals or attempted withdrawals.

10. During one of the transactions in Maine, on or about April 26, 2019, MCKENZIE attempted to make an unauthorized withdrawal from M.C.'s account. The branch manager noted that the signature MCKENZIE provided on the withdrawal slip did not match that of M.C.'s on file with the bank. MCKENZIE fled the branch, leaving behind a counterfeit New York driver's license with M.C.'s identification information, including his name, address, and driver's license number, and MCKENZIE's photograph.

11. As charted below, TD Bank records show that, on or about April 27, 2019, MCKENZIE made multiple unauthorized withdrawals J.R.'s account, account number XXXXXX3459, at a TD Bank branch location in New Hampshire.

12. Based on my review of the withdrawal slips, to make the withdrawal, MCKENZIE used J.R.'s TD bank account number and presented a New York driver's license that contained J.R.'s identification information, including A.M.'s actual driver's license number

| Time | Amount of Withdrawal | Branch Address | |
|---|---|---|---|
| 12:31 pm | $2,480 | | NH 93829 |
| 12:34 pm | $840 | | NH 93829 |

13. As charted below, TD Bank records show that, on or about May 13, 2019, MCKENZIE made multiple unauthorized withdrawals R.L.'s account, account number XXXXXX1076, at several TD Bank branch location in New Hampshire. Based on my review of the withdrawal slips, to make the withdrawal, MCKENZIE used R.L.'s TD bank account number and presented a New York driver's license that contained R.L.'s identification information, including R.L.'s actual driver's license number

| Time | Amount of Withdrawal | Branch Address | |
|---|---|---|---|
| 3:17 pm | $2,500 | | NH 03222 |

| 4:17 pm | $2,880 | | Concord, NH 03301 |
| 4:22 pm | $2,240 | | Concord, NH 03301 |
| 5:01 pm | $2,340 | | Hooksett, NH 03106 |

14. TD Bank records show that between May 15 and 17, 2019, MCKENZIE made 4 unauthorized withdrawals from other persons' bank accounts in Massachusetts. For each withdrawal, MCKENZIE used personal identification information of the victim account holder to pose as the account holder and make the withdrawals.

15. The last transaction prior to his arrest occurred at approximately 4:04 pm, when MCKENZIE attempted to withdraw $2,680 from J.V.'s TD Bank account number XXXXXX0413. The transaction occurred at the Methuen, MA branch located at ▮▮▮ Methuen, MA 01844. MCKENZIE presented New York driver's license with MCKENZIE's photograph and J.V.'s personal identification information, including his name, date of birth, and driver's license number. TD Bank employees recognized MCKENZIE from an internal fraud alert and notified Methuen Police Department. Officers from Methuen Police Department responded and arrested MCKENZIE. Officers recovered a TD Bank withdrawal slip made out in the name J.V., an HSBC debit card in the name J.V., and a New York state driver's license in the name J.V. bearing the image of MCKENZIE.

## IV.   CONCLUSION

16. Based on the foregoing, there is probable cause to believe that in or about March, April and May of 2019, in the District of New Hampshire, Derrick MCKENZIE committed bank fraud in violation of Title 18, United States Code, Section 1344 and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. I, therefore, respectfully request that this Honorable Court issue a complaint and summons of Derrick MCKENZIE.

/s/ Daniel Lee, U.S. Postal Inspector
Daniel Lee, U.S. Postal Inspector
United States Postal Inspection Service

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

Date: March 31, 2020

Time: 10:35 AM

/s/ Andrea K. Johnstone
Andrea K. Johnstone
U.S. Magistrate Judge